**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-4306

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

THOMAS MCLACHLAN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  W. Craig Broadwater, District Judge.  (3:05-cr-00033-WCB)

Submitted:  December 15, 2006        Decided:  January 16, 2007

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Robert Ratliff, Mobile, Alabama, for Appellant. Rita R. Valdrini, Acting United States Attorney, Paul T. Camilletti, Assistant United States Attorney, Martinsburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas McLachlan was found guilty by a jury of possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g) (2000), and was sentenced to ninety-six months of imprisonment. (J.A. 78-79). On appeal, he raises four issues, whether: (1) the district court erred by enhancing his sentence based on facts not found by the jury or admitted by him in violation of United States v. Booker, 543 U.S. 220 (2005); (2) his sentence was unreasonable; (3) the district court erred by denying his motion for acquittal; and (4) the district court erroneously denied his "innocent possession" jury instruction. For the reasons that follow, we affirm.

In addressing McLachlan's first two issues, we note that the district court sentenced him in light of Booker. We thus review his sentence "for unreasonableness." Id. at 261; United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005). After Booker, a sentencing court is no longer bound by the range prescribed by the advisory Sentencing Guidelines. United States v. Green, 436 F.3d 449, 455-56 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); Hughes, 401 F.3d at 546. In determining the sentence, however, courts are still required to calculate and consider the guideline range, as well as the factors set forth in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006). We will affirm a post-Booker

- 2 -

sentence if it is within the statutorily prescribed range and is reasonable. Hughes, 401 F.3d at 546-47.

Here, the district court properly calculated McLachlan's sentencing range under the advisory Sentencing Guidelines, considered the § 3553(a) factors, and gave its reasons for sentencing him within the range. Thus, the sentence is presumptively reasonable. Green, 436 F.3d at 455-56; United States v. Johnson, 445 F.3d 339, 341-44 (4th Cir. 2006).

We find no error in the district court's decision to deny McLachlan's motion for acquittal. See United States v. Alerre, 430 F.3d 681, 693 (4th Cir. 2005) (stating review standard), cert. denied, 126 S. Ct. 1925 (2006). Where, as here, the motion was based on a claim of insufficient evidence, the verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). We find the jury's verdict was supported by substantial evidence.

Finally, we find no error in the district court's decision to deny McLachlan's request for a jury instruction for "innocent possession" of the firearm at issue. We have previously rejected this instruction in § 922(g) cases. United States v. Gilbert, 430 F.3d 215, 218-20 (4th Cir. 2005).

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in

the materials before the court and argument would not aid the decisional process.

AFFIRMED